UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DRIGGS JESSUP and PATTY A. JESSUP,<br><br>                Plaintiffs,<br><br>   v.<br><br>NATIONSTAR MORTGAGE, LLC, and DOES 1 THROUGH 10, WHOSE TRUE NAMES ARE UNKNOWN, WHO CLAIM RIGHT TITLE OR INTEREST IN LAND LEGALLY DESCRIBED AS: LOT 13 IN BLOCK 2 OF MADISON PLACE SUBDIVISION, CANYON COUNTY, IDAHO ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED IN BOOK 29 OF PLATS AT PAGE 32, RECORDS OF CANYON COUNTY, IDAHO,<br><br>                Defendants. | Case No. 1:16-cv-00503-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Defendant Nationstar Mortgage LLC's Motion to Dismiss for Failure to State a Claim (Dkt. 5) and Plaintiffs' Motion to Dismiss for Lack of Jurisdiction (Dkt. 20). The Court has reviewed the parties' briefing and finds that oral argument is not necessary. For the following reasons, the Court will grant Plaintiffs' Motion to Dismiss and deny as moot Nationstar's Motion to Dismiss.

**MEMORANDUM DECISION & ORDER - 1**

**BACKGROUND**

On September 12, 2016, the Jessups filed this lawsuit in Idaho state court, asserting asserting a cause of action for quiet title as to a property located at 2909 E. Umatilla Dr., Nampa, Canyon County, Idaho ("subject property"). *Compl.* ¶¶ 7–15. *Compl.* ¶ 1. On April 2, 2003, Patty Jessup obtained a mortgage loan from Countrywide Home Loans, Inc. and executed a deed of trust against the subject property. *Compl.* ¶ 1. The deed of trust was later assigned to Defendant Nationstar. *Compl.* ¶ 12. In 2009, the Jessups stopped making payments on the note secured by the deed of trust. *Compl.* ¶ 10. They eventually received a Chapter 7 bankruptcy discharge in 2011, which discharged their personal obligation to repay their loan. *Compl.* ¶ 13.

Plaintiffs subsequently filed the present action asserting title to the property. The action was removed from state court to federal court based upon diversity jurisdiction. A day later, Nationstar filed a Motion to Dismiss for Failure to State a Claim (Dkt. 5), arguing that the minimal factual and legal allegations in the Complaint "fail to give the defendant fair notice of what the claim is and the grounds upon which it rests," and that to the extend the Jessups intended to assert a claim based upon the Jessups' bankruptcy discharge, the claim is barred by bankruptcy law.

Before any consideration was given to the Rule 12 motion, but after it was fully briefed, Plaintiffs filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 20). Plaintiffs assert that on September 22, 2016, ten days after the Jessups filed this action, Nationstar sold the relevant property to U.S. Bank National Association at a

foreclosure sale and that Nationstar is no longer an interested party. U.S. Bank has now filed a state-court suit for possession of the Jessup's home. Defendants object to Plaintiffs' Motion to Dismiss without prejudice and ask the Court to dismiss *with prejudice* pursuant to Rule 12(b)(6).

## LEGAL STANDARD

### 1. Voluntary Dismissal under Rule 41(a)(2)

Although styled as a Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, Plaintiffs' Motion does not in fact raise any jurisdictional issue.[1] It is more properly viewed as a motion for voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41(a). *Accord Louisiana Envtl. Action Network v. Jackson*, 685 F. Supp. 2d 43, 45 (D.D.C. 2010) (treating plaintiff's motion to dismiss for lack of jurisdiction as a Rule 41 notice); *Kelly v. Rockefeller Group, Inc., Civ. Action No. 91–2002*, 1992 U.S. Dist. LEXIS 14957 (D.N.J. June 18, 1992) (same).

Rule 41(a)(1) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, LLC, 548 F.3d 738, 748 (9th Cir. 2008). A plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a

---

[1] Subject matter jurisdiction deals with the Court's power to hear a case. *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67 (2009). Personal jurisdiction deals with the Court's authority over the person subject to suit. *Daimler AG v. Bauman*, 143 S.Ct. 756 (2014). Here, the Jessups do not argue that the court lacks subject matter jurisdiction on diversity grounds or that the court lacks personal jurisdiction over Nationstar. Instead, Plaintiff argues that Nationstar is the wrong party in interest in this suit because it no longer owns the subject property. That is not a jurisdictional issue but rather one of mandatory joinder or the merits of plaintiff's complaint.

motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). Once an answer or summary judgment motion has been filed, a plaintiff's voluntary dismissal may be granted only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). Unless otherwise specified by a court order, a dismissal under Rule 41(a) is without prejudice. Fed. R. Civ. P. 41(a)(1); 41(a)(2).

## ANALYSIS

A right to voluntary dismissal can be cut off only by an answer or motion for summary judgment. Here, Defendant filed a rule 12(b)(6) motion to dismiss but did not file an answer or a motion for summary judgment. *See* Dkt. 5. Accordingly, under Rule 41(a)(1)(A)(i), Plaintiffs have "an absolute right to voluntarily dismiss [t]his action." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). The present motion was not required to effectuate the dismissal; mere notice of dismissal would have sufficed.

However inartfully drafted, the Court will treat Plaintiffs' request as a notice of voluntary dismissal pursuant to Rule 41(a)(1) and permit Plaintiffs to dismiss their case without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiffs' Motion to Dismiss (Dkt. 20) is **GRANTED**. The above-entitled action is **DISMISSED WITHOUT PREJUDICE**.

2. Defendant's Motion to Dismiss (Dkt. 5) is **DENIED AS MOOT**.

3. The Court will issue a separate judgment in accordance with Federal Rule of Civil Procedure 58.

4. The Clerk of Court is directed to close this case.

DATED: May 10, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court